## LANE COTTON MILLS CO. v. BROWN et al. (ATLANTA TRUST CO. et al., Interveners.)

District Court, N. D. Georgia, Atlanta Division. July 12, 1928.

### No. 471.

See, also, Real Estate Loan Co. v. Brown (D. C.) 23 F.(2d) 329.

Roy S. Drennan, of Atlanta, Ga., for plaintiff.

Spence & Spence, of Atlanta, Ga., for defendants.

SIBLEY, District Judge. The question here is the proper disposition of the fund, subject to deductions for expenses, of about $8,000, which arose from the sale of a business called W. E. Floding & Co. This business was bought by Dr. Paul F. Brown, from

Lane Cotton Mills Company; Mr. Floding and his daughter having some connection with the purchase. They had agreements, or disagreements, touching it prior to the 15th day of April, 1927, when they made a written contract, which put an end to both. The fund now before the court is in reality profits that have been derived from this business in the operation of it successfully before receivership and after receivership, and in the sale of it through the processes of the court. All indebtedness against it has been paid, including that due for its purchase to the Lane Cotton Mills Company. The question is, who is entitled to this profit thus arising on the liquidation of the business. Neither of the defendants has put any cash into it. Dr. Brown put up his credit, and the Flodings have put up their experience and their services at a compensation per week. I think that this profit should be disposed of under the written contract that they made, and that the case turns upon the construction of it. The considerations because of which Dr. Brown agreed to give an interest in the business to the Flodings and to Keiley are recited as "One dollar in hand paid and other valuable considerations, receipt whereof is hereby acknowledged." These words seem to me to apply only to some past consideration, and not to the future operation of the contract. For that reason I see no cause to consider any possible failure of consideration, and there is nothing left except to see what rights the contract gave to the parties entering into it.

The contract provides for the formation of a company and certain dispositions to be made of the capital stock, of course, representing the interests of those who were concerned in the company to be formed. I think the proper disposition of this case is to apply the equitable principle that equity regards that as done which should have been done, and to consider that the company was incorporated, that its stock had been issued in the name of Dr. Brown and had been put in escrow until the Lane Cotton Mills Company and other debts had been paid. This has all been accomplished. The contract then provides that the stock is to be reissued in certain proportions to Dr. Brown, Mr. Floding, Miss Mary Floding, and James J. Keiley. I think equity should regard that stock as having been so reissued, and that the parties who would have the stock had the contract been carried out should be considered as having the surplus assets in the same proportions. So far as assignments are concerned, I do not see that it is of any concern to anybody except the assignors as to whether they should or should not have been made. All personal services are out of the contract now, and it amounts to nothing more than a disposition of money which is to be received under the contract. The assignments therefore will be regarded and the money paid to the assignee.

The Court: You are standing on the assignment you have made?

Mr. Floding: Yes, sir.

The Court: And the Lane Cotton Mills Company is standing by its agreement?

Mr. Spence: Yes, sir.

The Court: You can take a decree, then, according to this little opinion.